COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-282-CR

EDDIE W. JEFFREY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After Appellant Eddie W. Jeffrey pled true to the State’s petition to adjudicate, the trial court adjudicated him guilty of possession of a controlled substance, namely gamma hydroxybutrate (GHB), in the amount of four or more but less than two hundred grams with the intent to deliver and sentenced him to seventy-five years’ confinement.  Even though his sentence is well within the range of punishment for this first degree offense,
(footnote: 2) Appellant contends in his sole point that his sentence violates the doctrine of proportionality and amounts to cruel and unusual punishment prohibited by both the state and federal constitutions.

Appellant has presented nothing to show comparative sentences for first degree felony drug possession cases or to show why his sentence is disproportionate to the sentences of others convicted of the same or similar offense.
(footnote: 3)  He argues that because no person or property was harmed by this offense, his sentence of seventy-five years is grossly unfair.
(footnote: 4)  In assessing punishment, however, the trial court is allowed to consider not only evidence about the offense under consideration but also

evidence . . . as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.
(footnote: 5)

The evidence shows that while out on deferred adjudication community supervision for this offense, Appellant committed a string of violent offenses on a single day—two adjudicated aggravated robberies, shooting one of the complainants in the gut, and an extraneous home invasion.  A jury convicted Appellant of the aggravated robberies,
(footnote: 6) and the trial court found Appellant guilty of this drug offense, revoked his deferred adjudication community supervision, and sentenced him in both cases all in one consolidated proceeding.

Additionally, Appellant’s own witness admitted that Appellant has had drug issues over the years, that he is a drug addict, that he has alcohol abuse problems, and that he would sometimes get violent when he was drunk or on drugs.  Finally, Appellant pled true to the repeat offender allegation that he had a 1992 conviction and penitentiary sentence out of Harris County for the possession of cocaine.

Based on all the evidence, we cannot say that Appellant’s sentence is disproportionate or that it amounts to cruel and unusual punishment.  We therefore overrule his sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F:  DAUPHINOT, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 28, 2008

FOOTNOTES
1:
See
 Tex. R. App.
 P.
 47.4.

2:
See
 
Tex. Health & Safety Code Ann.
 § 481.102(9) (Vernon Supp. 2007) (providing that GHB is in penalty group I), § 481.112(d) (Vernon 2003) (providing that this offense is a first degree felony); 
Tex. Penal Code Ann.
 § 12.32(a) (Vernon 2003) (providing that the range of confinement for a first degree felony is life or 5-99 years). 

3:
See Moore v. State
, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref’d).

4:
See id.

5:
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon 2006).

6:
See Jeffreys v. State
, No. 02-06-283-CR (Tex. App.—Fort Worth Feb. 28, 2008, no pet. h.) (affirming trial court).